(10 Misc. Rep. 227.)

BLOOMINGDALE et al. v. STEUBING.

(City Court of New York, General Term. November 20, 1894.)

LANDLORD AND TENANT—DAMAGES FOR EVICTION.

Where a tenant abandoned the use of the premises, and gave the landlord the key to show the premises to persons wishing to rent or to buy, and the landlord entered and made repairs, the tenant was not injured thereby, and a verdict for nominal damages will not be disturbed as inadequate.

Appeal from trial term.

Action by Joseph B. Bloomingdale and others against Henry Steubing for evicting plaintiffs from premises leased to them by defendant. From an order setting aside, as inadequate, a verdict for plaintiffs for six cents, and granting a new trial, plaintiffs appeal. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

Guggenheimer, Untermeyer & Marshall, for appellants.

D. S. Ritterband, for respondent.

EHRLICH, C. J.    The action was for trespass, in "forcibly and wrongfully entering upon the plaintiffs' premises, and depriving the plaintiffs of the use and enjoyment thereof."    Upon the trial it appeared that the plaintiffs were tenants of the defendant with respect to two stores and basements in the houses known as "Nos. 160 and 162 East Fifty-Sixth Street," in the city of New York; that about January, 1892, the plaintiffs had abandoned the use of the premises; that the lease contained a provision by which the defendant, as landlord, was permitted to show the premises to persons wishing to hire or purchase.    The lease expired in May, 1892, and the premises had become dilapidated.    Plaintiffs gave the key to defendant for the purpose, as they state, of showing the premises to persons wishing to hire or purchase, but, as the defendant contends, so that he might renovate the premises, and make them presentable to a tenant, and thus induce a hiring after May 1, 1892.    The jury, as juries often do in cases of this character, rendered a verdict in favor of the plaintiffs for six cents, and this the trial judge set aside as inadequate.    There was no forcible entry by the defendant, no eviction, and no forcible keeping out of the plaintiffs.    The most that can be said is that the defendant exceeded his license, and put the premises in good order and condition.    This act of the defendant resulted in no injury to the plaintiffs.    Indeed, it tended to make the premises more valuable to them; for they had a right to use them, improvements and all, to the 1st of May, 1892, and they were not excluded from the exercise of this right by any act of the defendant.    The damages being unliquidated, and the trespass of a trifling rather than of a substantial character, the jury had the right to fix the amount at six cents,—a result quite common in actions of this kind.    See Wayle v. Wayle, 9 Hun, 125; Toomey v. Railroad Co., 2 Misc. Rep., at pages 84, 85, 21 N. Y. Supp. 448.    For these reasons the order granting a new trial must be reversed, with costs.    All concur.

